Shauck, J.
The affidavit was filed under favor of section 550, Revised Statutes, and counsel for the plaintiff urge that it was effective to disable the trial judge to take further steps in the case in which it was filed and to render void all the subsequent proceedings which were actually taken. The section is given in its entirety because analysis will show that it describes the conditions under which the affidavit may be filed, what it should allege and what shall be its effect.
“(Change of verme in common pleas court when judge is disqualified to sit.) When a judge of the common pleas court is interested in any cause or matter pending before the court in any county of his district, or is related to, or has a bias *581 or prejudice either for or against, either or any party to such cause, or is otherwise disqualified to sit in such cause or matter, and there is no other judge in the same subdivision who is not so disqualified, on the filing of an affidavit of either or any party to such cause or matter, or of his or her counsel, setting forth the fact of such interest, bias, prejudice or disqualification, the clerk of the court shall enter the fact of the filing of such affidavit on the trial docket in such case, and forthwith notify the supervising judge, or if he be disqualified as aforesaid, a judge of some other subdivision who is qualified, of the district, who shall proceed in the same manner as provided in section four hundred and sixty-nine of the Revised Statutes of Ohio, to designate and assign some other judge of the district not so as aforesaid disqualified, to hold the court and try the cause where the same is pending; and it shall thereupon be the duty of the judge so assigned to proceed and try such cause. ’ ’
There is no ambiguity in the terms by which the section describes the conditions which authorize the filing of the affidavit: “When the judge of the common pleas court is interested in any cause or matter pending before the court in any county of his district,» * * * and there is no other judge in the same subdivision who is not so disqualified.” 'A school of elementary English would be the appropriate place for inculcating that the condition which follows the copulative conjunction, and, must concur with that which precedes it. The theory of the plaintiff is that the affidavit is conclusive of all which it alleges and exclusive of all information which might be derived from other sources. According to this theory the knowledge of the trial judge that all other judges of *582 the subdivision are disqualified would be of no more avail than his knowledge that he himself is not disqualified. Their disqualification which the statute makes an indispensable condition to the filing of the affidavit for any purpose must appear from the source of information which this theory makes exclusive. If the affidavit is made for a purpose which the statute contemplates the terms employed require it to set forth “the fact of such interest” as will authorize it to be filed. That is, the fact of the disqualification of not only the particular judge but of all the judges of the subdivision. The purpose of the section is indicated by its history as well as by its terms. It is evolved from the act of January 25, 1860 (57 O. L., 5), whose material provisions were that on the filing of an affidavit showing that the .judge of the court of common pleas was interested in the case pending therein, the clerk should enter the fact upon the docket and transmit the papers pertaining to the cause to the clerk of the court of common pleas of a county in another subdivision. By the act of February 7, 1885 (82 O. L., 24), in view perhaps of the increasing number of the judges, there was added the requirement that all judges in the •subdivision should be disqualified. The section was amended March 19, 1887 (84 O. L., 129), and April 14,1888 (85 0. L., 267), but there was the continued requirement that all the judges of the subdivision should be disqualified, and the effect was to change the place of trial of the cause to another county. The section was again amended April 15, 1889 (86 0. L., 363), so as to contain the substance of its present provisions, the changes being such only as were deemed necessary to give effect to the conception that in case of the disqualification of all the judges of the *583 subdivision, convenience would be better served by transferring a judge from another subdivision than by changing the place of trial. The amendments preserve with entire clearness the requirement that all the judges of the subdivision must be disqualified and that this fact must appear in the affidavit. It is obvious, therefore, that by reason of its omission to state the disqualification of other judges this affidavit was ineffectual for any purpose, and this without regard to the time or' the obvious purpose for which it was filed.
It appears from the record that the trial judge was aware of no consideration which disqualified him to sit in the case and that counsel for the plaintiff knew no sufficient reason for a different conclusion. A question of much interest and importance is suggested. Do the terms of the statute warrant the conclusion that the general assembly has assumed to possess, and attempted to exercise, power to take from the judge the jurisdiction to decide and vest it in the litigant, enabling him to accomplish the indefinite postponement of the trial of his cause by interposing an insurmountable obstacle to the exercise by a qualified judge of the jurisdiction vested in him by the constitution? Since the case presented does not require a decision of this question, its consideration should be deferred until necessity prompts to a full argument and investigation.
It may be that the statute does not have, and was never intended to have, any operation whatever in a county which, like Hamilton, constitutes a judicial district. If it should prove to be so, the judges in that county will doubtless be able to continue in the decorous and orderly administration of justice with full recognition of the impressive admonitions which *584 are suggested by tbe character of the judicial office and of the responsibilities which attach to it.

Judgment affirmed.

Davis, C. J., Price, Crew, Summers and Spear, JJ., concur.